**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-14097-CIV-CANNON/MAYNARD**

**JAMES ROBERT MEADOWS,**

**Plaintiff,**

**v.**

**PB HOLDCO, LLC, d/b/a PURSUIT BOATS,**

**Defendant.**
_____________________________________/

FILED BY SW D.C.
Aug 18, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon Defendant's Motion to Dismiss ("Motion"). DE 9. The Motion is fully briefed, DE 17, DE 19, and presiding U.S. District Judge Aileen M. Cannon has referred it to me for a Report and Recommendation, DE 18. For the following reasons, I recommend that the Motion be **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Consistent with the standard applicable to a motion to dismiss, I recite the facts based on the Complaint's well-pleaded factual allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Plaintiff James Robert Meadows is the original retail purchaser of a new 2023 Pursuit 428S center console vessel equipped with four Yamaha 425-horsepower outboard engines (the "Vessel"). DE 1-2 at ¶¶ 2-3. Defendant PB Holdco, LLC, d/b/a Pursuit Boats ("Pursuit"), manufactured the Vessel in Fort Pierce, Florida and provided Plaintiff with a written Limited Warranty upon delivery of the Vessel. *Id.* at ¶¶ 4-9.

According to the Complaint, Plaintiff attended the Fort Lauderdale International Boat Show in October 2022, where Pursuit employees or apparent agents showed him the 2023 Pursuit 428S and allegedly induced him to purchase the Vessel. *Id*. at ¶¶ 15-17. Plaintiff subsequently purchased the Vessel from Legendary Assets & Operations, LLC d/b/a Legendary Marine, an authorized Pursuit dealer, on November 15, 2022, for $1,340,532.18. *Id*. at ¶¶ 14, 18. Plaintiff alleges that his interactions with Pursuit at the boat show placed the parties in privity concerning the sale and purchase of the Vessel. *Id*. at ¶ 17.

The Complaint alleges that Pursuit issued a written Limited Warranty covering defects in materials and workmanship for two years, structural defects for five years, and certain gelcoat defects. *Id*. at ¶¶ 19-20. The warranty provides that, if a covered defect occurs, Pursuit will repair or replace the defective component, in its discretion, and states that repair or replacement is the exclusive warranty remedy. *Id.* at ¶ 20. Plaintiff further alleges that, because of continuing problems with the Vessel, Pursuit extended the "Stem to Stern" warranty from two years to three years by letter dated April 9, 2024. *Id*. at ¶ 21.

Plaintiff alleges that, shortly after taking delivery of the Vessel, he began experiencing numerous defects affecting its operation and repeatedly sought warranty repairs from Pursuit. *Id*. at ¶¶ 31-80. According to the Complaint, despite multiple repair attempts over approximately three years, Pursuit failed to correct the alleged defects, and Plaintiff contends that he has been unable to use the Vessel for its intended purpose as a recreational offshore fishing boat. *Id*. at ¶ 9; *id*. at ¶¶ 31-80.

On February 23, 2026, Plaintiff filed this action in state court asserting six claims. DE 1-2. Count I alleges breach of written warranty under the Magnuson-Moss Warranty Act ("MMWA"). Counts II and III assert claims under the MMWA for breach of the implied warranties of merchantability and fitness for a particular purpose, respectively. Counts IV through

VI assert parallel Florida-law claims for breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. *Id*. at ¶¶ 81-128. On March 23, 2026, Pursuit removed the action to federal court. DE 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555-56. To survive dismissal, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Id*. at 570. A claim is plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff need not detail all the facts on which his claim is based; rather, Rule 8(a)(2) requires only a short, plain statement giving the defendant fair notice of the claim and its grounds. *Twombly*, 550 U.S. at 555–56; *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). The allegations must, however, be enough to raise a right to relief above the speculative level. *Id*. The Federal Rules demand "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 662. "Mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (citation omitted). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

## DISCUSSION

Pursuit seeks dismissal of Plaintiff's claims for breach of the implied warranty of merchantability under the MMWA (Count II) and Florida law (Count V), as well as his claims for

breach of the implied warranty of fitness for a particular purpose under the MMWA (Count III) and Florida law (Count VI). Pursuit also seeks dismissal of Plaintiff's request for revocation of acceptance as a remedy for the breach of written warranty alleged in Count I. Pursuit does not seek dismissal of the underlying MMWA written warranty claim in Count I or Plaintiff's Florida-law express warranty claim in Count IV. Accordingly, neither claim is otherwise at issue in the Motion.

Pursuit advances three arguments. First, it argues that Plaintiff's implied warranty claims fail because the parties lack contractual privity. Second, it argues that Plaintiff cannot state a claim for breach of the implied warranty of fitness for a particular purpose because Plaintiff used the Vessel for its ordinary purpose and the Complaint fails to allege facts showing reliance. Third, Pursuit argues that revocation of acceptance is not an available remedy for the breach of written warranty alleged in Count I. I address each argument in turn.

## I. Implied Warranty Claims[1]

### A. Privity

Pursuit first argues that Plaintiff's claims for breach of implied warranty must be dismissed because there was no privity of contract between the parties. Plaintiff responds that his direct interactions with Pursuit before purchasing the Vessel are sufficient to establish privity.

Under Florida law, "a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity." *Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. 3d DCA 2005) (*citing, e.g., Kramer v. Piper Aircraft Corp*., 520 So. 2d 37 (Fla. 1988)). As a general

[1] I note that Plaintiff cites no legal authority in response to Defendant's arguments concerning the implied-warranty claims. Although the absence of supporting authority does not, standing alone, warrant rejection of Plaintiff's position, Plaintiff has left the legal basis for his position largely undeveloped. I have nevertheless independently considered the applicable law in evaluating whether the challenged claims are sufficiently pled. Plaintiff is on notice, however, that a district court has broad discretion in reviewing a magistrate judge's report and recommendation and does not abuse that discretion by declining to consider an argument not presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009).

rule, "[a] plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant." *T.W.M. v. American Medical Systems, Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) (citation omitted). That requirement applies equally to Plaintiff's MMWA implied-warranty claims. Although the MMWA provides consumers a federal cause of action for breach of implied warranty, the implied warranties protected by the MMWA arise under and are defined by state law. *Bailey v. Monaco Coach Corp*., 168 F. App'x 893, 894 n.1 (11th Cir. 2006). Thus, Florida's privity requirement governs both Plaintiff's Florida-law implied warranty claims and his corresponding MMWA claims.

Here, Plaintiff did not purchase the Vessel from Pursuit. He purchased it from Legendary Marine, an authorized Pursuit dealer. DE 1-2 at ¶¶ 14, 18. Moreover, the fact that Pursuit provided a manufacturer's warranty that ran to Plaintiff does not, standing alone, necessarily establish the privity required for an implied-warranty claim. *See Bailey*, 168 F. App'x at 894 n.1 (affirming dismissal of implied-warranty claim for lack of privity because the plaintiff "purchased the motor home from a dealer and not directly from [the manufacturer]" and, therefore, "[n]o privity exist[ed]" between them); *McKissic v. Country Coach, Inc*., 2008 WL 616093, at *4 (M.D. Fla. Mar. 3, 2008) (dismissing implied-warranty and related MMWA claims against manufacturer where plaintiffs purchased the RV from an authorized dealer rather than the manufacturer and alleged no facts showing that they dealt with the manufacturer during the purchase); *Mesa*, 904 So. 2d at 452, 458 (affirming dismissal of implied-warranty claim for lack of privity notwithstanding a manufacturer's warranty extending to the "first retail purchaser, and each subsequent purchaser").

That does not end the inquiry, however. Florida law does not invariably require that the purchaser have bought the product directly from the manufacturer. The Eleventh Circuit has recognized that "Florida courts have found the privity requirement to be satisfied when a

manufacturer directly provides a warranty to, or otherwise has direct contact with, a buyer who purchases from a third party." *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1032 (11th Cir. 2017); *see also Cedars of Lebanon Hosp. Corp. v. European X-Ray Distribs. of Am., Inc.,* 444 So. 2d 1068, 1072 (Fla. 3d DCA 1984) (manufacturer's conduct created express and implied warranties where manufacturer's representative called plaintiff and made specific representations that the equipment was very advanced and "state of the art," produced a very high quality diagnostic image, and was capable of handling the high volume hospital use for which it was needed). Plaintiff therefore is not foreclosed from establishing privity merely because Legendary Marine ultimately sold him the Vessel. The question at this stage is whether the Complaint pleads sufficient facts concerning Pursuit's involvement in the transaction to make Plaintiff's asserted privity with Pursuit plausible.

Plaintiff relies on his interactions with Pursuit before purchasing the Vessel. Specifically, the Complaint alleges that Plaintiff went to Pursuit's boat exhibition at the Fort Lauderdale International Boat Show in October 2022; that "Pursuit's employees and/or apparent agents" showed Plaintiff a 2023 Pursuit 428S and "induced him" to purchase one; and that the interaction between Plaintiff and Pursuit at the boat show "placed the parties in privity with one another concerning the sale and purchase of the Vessel." DE 1-2 ¶¶ 15–17. Plaintiff contends that these allegations sufficiently plead privity.

I disagree. The problem is not that a boat-show interaction could never contribute to a finding of privity. Rather, the Complaint does not allege enough about this particular interaction to plausibly establish that it did. Critically, the Complaint does not allege what Pursuit's representatives said to Plaintiff at the boat show, what representations they made concerning the Vessel's quality, characteristics, or performance, whether they discussed or made any warranties, whether Pursuit participated in negotiating the eventual purchase, or what other conduct allegedly

induced Plaintiff to purchase the Vessel. Nor does Plaintiff allege facts suggesting that Legendary Marine acted as Pursuit's agent in connection with the sale. Apart from alleging that Pursuit representatives showed Plaintiff a boat, the Complaint provides no factual detail concerning the substance of the parties' interaction. Those are precisely the kinds of facts that would permit me to determine whether Plaintiff plausibly alleges the direct manufacturer-purchaser relationship recognized in the Florida cases.

The allegations that Pursuit's employees "induced" Plaintiff to purchase a boat and that the parties thereby entered into "privity" are conclusions, not well-pleaded facts demonstrating the nature or substance of the parties' interactions. I am not required to accept legal conclusions or vague and conclusory assertions as true when evaluating a motion to dismiss. *Iqbal*, 556 U.S. at 678; *Chaparro*, 693 F.3d at 1337. If Pursuit's employees made representations or oral warranties to Plaintiff at the boat show that could establish the type of direct relationship necessary to support privity under Florida law, those facts have not been pleaded in the Complaint.

*Global Quest* illustrates why those missing facts matter. There, the Eleventh Circuit concluded at summary judgment that genuine issues of fact existed regarding privity even though the plaintiff purchased the yacht through a separate seller. 849 F.3d at 1032. The record contained evidence that the manufacturers directly issued a unique limited express warranty that was provided and specifically negotiated as part of the yacht's purchase; the founder and CEO of the manufacturers was directly involved in negotiating the purchase and warranty; and the seller was the manufacturer's agent. *Id.* The case therefore involved facts plausibly tying the manufacturers directly to the purchase transaction, not merely the existence of some contact between the manufacturer and purchaser.

The same distinction appears in the Florida decisions upon which *Global Quest* relied. In *Cedars of Lebanon*, the manufacturer's representative made an express warranty through direct

contacts with the purchaser, even though the product was ultimately purchased from a third-party distributor. 444 So. 2d at 1072 & n.4. Similarly, in *ISK Biotech Corp. v. Douberly*, the manufacturer's representative told the third-party seller that the seller could assure the plaintiff that product would not destroy plaintiff's crop. 640 So.2d 85, 88 (Fla. 1st DCA 1994).

By contrast, the factual allegations here do not reveal what Pursuit actually said or did that allegedly transformed its pre-sale contact with Plaintiff into a relationship sufficient to establish privity. Merely showing Plaintiff a Pursuit boat at a boat show, without more, does not plausibly allege the type of contact that supported privity in the foregoing cases.

I therefore conclude that the Complaint does not presently allege sufficient facts to establish privity between Plaintiff and Pursuit. Because Plaintiff may be able to allege additional facts concerning his interactions with Pursuit representatives during the sales process, however, dismissal should be without prejudice. Plaintiff should be afforded an opportunity to plead, if he can, specific facts concerning those interactions rather than relying on conclusory assertions. I therefore recommend that Counts II, III, V, and VI be dismissed without prejudice for lack of privity.

**B. Particular Purpose and Reliance**

Defendant argues that Counts III and VI fail to state claims for breach of implied warranty of fitness for a particular purpose because Plaintiff has not alleged that the Vessel was purchased for a purpose other than its ordinary purpose, that Pursuit knew of that particular purpose, or that Plaintiff relied on Pursuit's skill or judgment in selecting the Vessel.

Florida Statute § 672.315, which sets forth an implied warranty of fitness for a particular purpose, provides:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next

> section an implied warranty that the goods shall be fit for such purpose.

A particular purpose differs "from an ordinary purpose in that it envisages a specific use by the buyer which is *peculiar* to the nature of his business." *Royal Typewriter Co. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1100 (11th Cir. 1983) (emphasis added). Thus, to state a cause of action for an implied warranty of fitness for a particular purpose, a plaintiff must allege the particular purpose for which the goods were warranted, as distinguished from the goods' "ordinary use." *Weiss v. PPG Industries, Inc.*, 148 F.R.D. 289, 293 (M.D. Fla. Apr. 13, 1993). In addition, "[a] warranty of fitness for a particular purpose arises when the buyer relied on the seller's skill or judgment to select the goods and the seller at the time of contracting has reason to know the buyer's purpose and that the buyer is relying on the seller's skill and judgment." *Barnext Offshore, Ltd. v. Ferretti Grp. USA, Inc.*, 2012 WL 1570057, at *12 (S.D. Fla. May 2, 2012) (quoting *First New Eng. Fin. Corp. v. Woffard*, 421 So.2d 590, 596 (Fla. 5th DCA 1982)).

Here, Plaintiff alleges only that he "has not been able to use the Vessel for its intended purpose as a recreational offshore fishing boat." DE 1-2 at ¶ 9; *see also id.* at ¶¶ 103, 105, 122. That allegation is insufficient to establish that Plaintiff purchased the Vessel for a *particular* – rather than an ordinary – purpose because recreational offshore fishing is an ordinary use of a marine vessel. *See Royal Typewriter Co.*, 719 F.2d at 1100 ("Since the [products] were used for ordinary purposes, a warranty of fitness for a particular purpose did not arise."); *Czarnecki v. Roller*, 726 F. Supp. 832, 843 (S.D. Fla. 1989) (concluding that an allegation that the plaintiff intended to use a yacht as a pleasure craft and take a long trip amounted to nothing more than ordinary use).

The Complaint is deficient for an additional reason. It does not allege how Plaintiff relied on Pursuit's skill or judgment in selecting a particular vessel suited to Plaintiff's particular purpose or that Pursuit had reason to know Plaintiff was doing so. *See Barnext Offshore, Ltd.*, 2012 WL

1570057, at *12 ("A warranty of fitness for a particular purpose arises when the buyer relied on the seller's skill or judgment to select the goods and the seller at the time of contracting has reason to know the buyer's purpose and that the buyer is relying on the seller's skill and judgment."). Thus, Plaintiff has alleged neither a particular purpose distinct from the Vessel's ordinary use nor the requisite reliance on Pursuit's skill or judgment in selecting a vessel suitable for that purpose. Having failed to allege these essential elements, Plaintiff's claims for breach of the implied warranty of fitness for a particular purpose in Counts III and VI should be dismissed without prejudice.

**II. Revocation of Acceptance**

In Count I, Plaintiff asserts a claim for breach of Pursuit's written warranty under the MMWA and seeks revocation of acceptance as a remedy. The MMWA does not itself define the damages or other relief available for breach of a written warranty. Rather, it provides generally that a consumer may bring suit "for damages and other legal and equitable relief," 15 U.S.C. § 2310(d)(1), while further providing that nothing in the MMWA "shall invalidate or restrict any right or remedy of any consumer under State law," 15 U.S.C. § 2311(b)(1). Accordingly, I look to Florida law to determine whether revocation of acceptance is available to Plaintiff. *See Taillard v. Mercedes-Benz USA, LLC*, 805 F. Supp. 3d 1235, 1245 (S.D. Fla. 2025); *Boyer v. Land Rover N. Am., Inc.,* 2020 WL 128099, at *3 (S.D. Fla. Jan. 9, 2020) (same).

Under Florida law, a buyer may not obtain revocation of acceptance against a manufacturer with whom the buyer lacks privity of contract. *Id.; see also Mesa v. BMW of N. Am., LLC*, 904 So. 2d at 459 (affirming summary judgment for manufacturer on revocation claim because the buyer and manufacturer were not in privity). As *Mesa* explained, although revocation of acceptance may constitute a remedy for breach of an express warranty under the MMWA, Florida

law does not permit a buyer to obtain that remedy "against a manufacturer with whom the plaintiff is not in privity of contract." *Id.; see generally* Fla. Stat. § 672.608.

As discussed above, Plaintiff has not pleaded facts sufficient to establish privity between himself and Pursuit. Although Plaintiff alleges that Pursuit representatives showed him a Pursuit vessel at the Fort Lauderdale International Boat Show and induced him to purchase one, he ultimately purchased the Vessel from a dealer. Those allegations do not sufficiently plead the privity Florida law requires to obtain revocation of acceptance from Pursuit. It follows that, even though Plaintiff may pursue his MMWA claim against Pursuit for breach of the written warranty, he may not obtain revocation of acceptance as a remedy for that breach. *See Taillard*, 805 F. Supp. 3d at 1245 (dismissing request for revocation of acceptance where the plaintiff-buyer and manufacturer were not in privity); *Boyer,* 2020 WL 128099, at *3 (same); *Zelyony v. Porsche Cars N. Am., Inc*., 2008 WL 1776975, at *2 (S.D. Fla. Apr. 16, 2008) ("Privity is required for Plaintiff to revoke acceptance of the vehicle under Florida law.") (*citing Mesa*, 904 So. 2d at 459).

Pursuit advances two additional grounds for precluding revocation. First, it argues that the written warranty expressly limits Plaintiff's remedy to repair or replacement and that Plaintiff has not plausibly alleged circumstances demonstrating that this limited remedy failed of its essential purpose. Second, Pursuit argues that Plaintiff did not revoke his acceptance within a reasonable time and before a substantial change in the condition of the Vessel, as required by Fla. Stat. § 672.608, because Plaintiff continued to use the Vessel after discovering the alleged defects. Plaintiff disputes both propositions. He contends that Pursuit's repeated inability to remedy the alleged defects caused the repair-or-replacement remedy to fail of its essential purpose, and he points to multiple demands that Pursuit take back the Vessel in arguing that his revocation was timely and that approximately 100 engine hours do not establish substantial use or a substantial change in the Vessel's condition.

I need not resolve those alternative arguments, which raise factual issues not appropriately resolved at the motion to dismiss stage. Even assuming Plaintiff has adequately alleged that the limited remedy failed of its essential purpose and that he otherwise satisfied the requirements for revocation under § 672.608, Florida law does not permit revocation against a manufacturer absent privity. Because Plaintiff has not adequately alleged the requisite privity with Pursuit, that issue is dispositive of his request for revocation of acceptance.

Accordingly, I recommend that the Motion be granted as to Count I to the extent Count I seeks revocation of acceptance as a remedy for Pursuit's alleged breach of its written warranty. Because the deficiency is one of pleading, I recommend dismissal without prejudice to Plaintiff attempting to plead facts sufficient to establish the requisite privity.

## RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss, DE 9, be **GRANTED IN PART AND DENIED IN PART**.[2] Specifically, I recommend that:

1. Counts II, III, V, and VI be dismissed without prejudice for failure to adequately plead privity;
2. Counts III and VI also be dismissed without prejudice for the independent reason that Plaintiff has failed to adequately plead a particular purpose and reliance; and
3. Plaintiff's request for revocation of acceptance in Count I be dismissed without prejudice.

---

[2] I recommend that the Motion be denied only insofar as it seeks dismissal with prejudice of the claims at issue. For the reasons explained above, I recommend dismissal without prejudice to allow Plaintiff an opportunity to cure the pleading deficiencies, if he can.

**NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with presiding U.S. District Judge Aileen M. Cannon. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 18th day of August, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE